## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Michael L. Larkin

     v.                          Case No. 19-cv-102-LM

Strafford County Department
of Corrections Superintendent
Christopher Brackett et al.[1]

### REPORT AND RECOMMENDATION

Plaintiff Michael L. Larkin, an inmate at the Strafford County Department of Corrections ("SCDOC") at the time he filed this action, has filed a motion (Doc. No. 57) seeking both a preliminary injunction and leave to supplement the complaint with a new access-to-the-courts claim upon which he bases his request for a preliminary injunction. The request for leave to add the access-to-the-courts claim is before the court for disposition and for preliminary review pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1). The district judge referred the related preliminary injunction request to the undersigned magistrate judge for further proceedings, as necessary, and for issuance of a Report and Recommendation ("R&R"). The court

---

[1]Defendants who have been directed to file an answer or other response in this action are Strafford County, Strafford County Department of Corrections ("SCDOC") Superintendent Christopher Brackett, SCDOC Capt. Jake Collins, and SCDOC Officer Daniels. The remaining defendants named in Larkin's pleadings have been dropped from this action.

established a briefing schedule, and the matter has been fully briefed.  <u>See</u> Doc. Nos. 57-61, 65-67.  A hearing is unnecessary.

## Background

The instant motion (Doc. No. 57) seeks leave to supplement the complaint to add a new claim under 42 U.S.C. § 1983, which is based on events which have occurred since Mr. Larkin filed this action.  Mr. Larkin, in turn, seeks a preliminary injunction based on that new claim.

Mr. Larkin asserts that defendants, including the SCDOC, limited his access to legal resources in late 2019 and January/February 2020, in a manner that interfered with his ability to litigate his pending cases.  Mr. Larkin, who was transferred to a facility in Massachusetts after he filed the instant motion, <u>see</u> Feb. 10, 2020 Notice of Change of Address (Doc. No. 71), is presently litigating two federal civil cases in the District of New Hampshire (this case and <u>Larkin v. Christie</u>, 19-cv-1024-LM (D.N.H.)), as well as state court proceedings relating to his extradition to Massachusetts on a fugitive-from-justice warrant (<u>Larkin v. Brackett</u>, No. 219-2019-cv-00638 (N.H. Super. Ct., Strafford Cty.), and <u>State v. Larkin</u>, No. 432-2019-cr-01936 (N.H. Cir. Ct., 7th Cir.-Dist. Div.-Dover)).

Specifically, Mr. Larkin now asserts that the SCDOC lacks a "law library" in the sense of a physical space containing legal resources in the form of books.  He further alleges that his access to legal resources is restricted to access to LEXIS/NEXIS, a searchable electronic database, which he had been told would be accessible through an app on the tablet that was issued to him on October 28, 2019, and through a laptop he has been told he could obtain upon request.  As a practical matter, he asserts, the laptops have been essentially unavailable and often out-of-service, and the WiFi network has been too unstable for meaningful access to LEXIS/NEXIS through his tablet.

This court designates Mr. Larkin's proposed new access-to-the-courts claim as "Claim 12" and summarizes (below) the new allegations drawn from Mr. Larkin's pertinent filings (see Doc. Nos. 57, 59-61, 67):

> 12.  Defendants have violated plaintiff's federal right of access to the courts, under the First and Fourteenth Amendments, by failing to provide him with any law books or a law library, and by effectively denying him access to any electronic legal resources, in a manner that interferes with his litigation of his pending federal civil rights cases, and the state court proceedings challenging his detention and extradition to Massachusetts on a fugitive from justice warrant.

Larkin seeks an order from this court, directing defendants to cease and desist from denying him access to LEXIS/NEXIS.

**Discussion**

I.   Request for Leave to Add New Access-to-the-Courts Claim

A.   Motion to Supplement Standard

In general, under Rule 15(a), leave to amend a complaint is to be "freely given." Fed. R. Civ. P. 15(a). To the extent the proposed amendment would add claims and allegations based on events that happened after the complaint was filed, Fed. R. Civ. P. 15(d) allows the court, "on just terms," to permit the party to serve the supplemental pleading. One ground for denying a proposed amendment is futility. See Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007). To assess whether the proposed amendment is futile, this court applies the same standard that it applied in its preliminary review of Mr. Larkin's initial pleadings, set forth in the June 10, 2019 R&R (Doc. No. 19), which the district judge approved, see Sept. 25, 2019 Order (Doc. No. 40).

B.   Elements of Access to the Courts Claims

Mr. Larkin has alleged that defendants' conduct in limiting his access to legal resources has violated his right of access to the courts. To state a claim that a plaintiff's right of access to the courts has been violated, the plaintiff must allege facts showing he was actually injured in his ability to pursue a nonfrivolous claim in a post-conviction proceeding or

4

other civil rights matter that he had a right to litigate.  See
Lewis v. Casey, 518 U.S. 343, 352, 354-55 (1996).  The plaintiff
must allege facts that, if taken as true, would show "'that an
actionable claim has been lost or rejected or that presentation
of the claim is currently being prevented'" due to defendants'
actions.  Guglielmo v. N.H. State Prison, 111 F.3d 122, 1997 WL
205290, at *1, 1997 U.S. App. LEXIS 8616, at *2-*3 (1st Cir.
Apr. 25, 1997) (unpublished table decision) (citing Lewis, 518
U.S. at 356).  "[T]he underlying cause of action, whether
anticipated or lost, is an element that must be described in the
complaint, just as much as allegations must describe the
official acts frustrating the litigation." Christopher v.
Harbury, 536 U.S. 403, 415 (2002).

Plaintiff has not specified which of his claims, pending or
prospective, has been lost, rejected, or prevented, due to the
limitations on his access to legal resources, and he has not
pleaded facts to show that he has suffered any actual injury in
his litigation efforts, due to defendants' conduct.  In a filing
docketed approximately one month before Mr. Larkin filed the
instant motion, Mr. Larkin asserted that his problems relating
to access to LEXIS/NEXIS had been resolved.  See Nov. 12, 2019
Mot. to Withdraw (Doc. No. 55).  While plaintiff has
intermittently complained in his filings here that he has had
problems accessing legal resources through his tablet or the

5

laptop, plaintiff's recent filings in this case have been annotated with citations to cases and other authorities, suggesting that the problems have not been continuous.  See, e.g., Jan. 29, 2020 Obj. to R&R (Doc. No. 67).  The Complaint in Case No. 19-cv-1024-LM, see ECF No. 1, also cites cases and statutes.  Nothing in the record in Mr. Larkin's pending federal cases suggests that any limits on his access to legal resources caused him to suffer an actual injury as to any non-frivolous claim.

With respect to plaintiff's state court proceedings, Mr. Larkin has not pleaded any facts in this case regarding any non-frivolous claims or defenses that he has lost or has been unable to raise because of restrictions on his access to legal resources.  The Superior Court order that denied Mr. Larkin's state habeas petition discussed his legal arguments in detail and found each to be unavailing, see Larkin v. Brackett, No. 219-2019-CV-00638 (N.H. Super., Strafford Cty. Feb. 3, 2020), but nothing in that order or elsewhere in the record in Mr. Larkin's state cases, see id.; see also State v. Larkin, No. 432-2019-CR-01936 (N.H. Cir. Ct., 7th Cir.-Dist. Div.-Dover), suggests that restrictions on his access to legal resources resulted in his extradition to Massachusetts, or caused him either to be unable to raise, or to lose, a non-frivolous claim or defense in those proceedings.  Accordingly, Mr. Larkin has

failed to plead the facts necessary to state an access-to-the-
courts claim upon which relief can be granted, and the district
judge should deny as futile the motion to add that claim to this
case.


II.    Preliminary Injunction Request

        "'A plaintiff seeking a preliminary injunction must
establish that he is likely to succeed on the merits, that he is
likely to suffer irreparable harm in the absence of preliminary
relief, that the balance of equities tips in his favor, and that
an injunction is in the public interest.'" Glossip v. Gross,
135 S. Ct. 2726, 2736 (2015) (citation omitted).  The likelihood
of success and irreparable harm are the factors that weigh most
heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-
Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the
Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32
(1st Cir. 2011).  The burden of proof is on the movant.  See
Esso Std. Oil Co., 445 F.3d at 18.

        Insofar as plaintiff has not pleaded sufficient facts to
state a claim upon which relief can be granted for a violation
of his right of access to the courts, he has failed to
demonstrate any likelihood of success on the merits of that
claim at this time.  Furthermore, injunctive relief is no longer
available to Mr. Larkin with respect to the conditions of his

confinement at the SCDOC, including the availability of legal resources, as he has been transferred to a facility in Massachusetts.  See Ford v. Bender, 768 F.3d 15, 29 (1st Cir. 2014) (except where damages are sought, "[a] prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release," as "'he no longer has a legally cognizable interest in a judicial decision on the merits of his claim'" (quoting Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007))).  For that reason, Mr. Larkin's request for a preliminary injunction on his access to the courts claim should be denied as moot.

## Conclusion

For the foregoing reasons, Larkin's motion for a preliminary injunction (Doc. No. 57) should be denied as moot, and the request included in that motion for leave to add a new access-to-the-courts claim to this action should be denied as futile.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 27, 2020

cc:  Michael L. Larkin, pro se
     Christine Friedman, Esq.